■ BROADLEA DAIRIES, INC., Respondent, v. SUNNYDALE FARMS, INC., Appellant.— In an action to recover damages alleged to have been incurred is a consequence of appellant's tortious inducement of a breach of a contract made by and between respondent and another, the appeal is from an order (1) granting respondent's motion to vacate appellant's notice to examine respondent before trial, and (2) directing appellant to submit to an examination before trial by respondent. Order modified (1) by adding to the first ordering paragraph after the word "granted" the words and figures "as to items 1 and 2 and is denied as to item 3", and (2) by striking from said order the third ordering paragraph and by substituting therefor a provision that respondent is directed, through its officers named in said notice, to appear for examination with respect to said item 3, at 9:30 o'clock in the forenoon of the day following the completion of respondent's examination of appellant, the date for respondent's examination of appellant to be fixed either by stipulation or by a notice served by respondent upon appellant at least 10 days before the date fixed in such notice. As so modified, order affirmed, without costs. In our opinion, the proper exercise of discretion requires that appellant be permitted to examine respondent before trial as to the damages and loss of profits claimed to have been suffered by respondent (item 3), since the facts with reference to such claim are within the exclusive knowledge of the respondent. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ BELDEN-STARK BRICK CORPORATION, on Behalf of Itself and All Other Persons Similarly Situated, Respondent, v. BUILD CONTRACTING CORP. et al., Defendants. UNITED STATES OF AMERICA, Appellant.— In an action to foreclose a mechanic's lien, the appeal is from an order denying a motion by the United States of America for leave to intervene and for leave to serve a copy of a proposed complaint upon all named parties. Order reversed, without costs, motion granted to the extent of permitting appellant to intervene and motion otherwise denied, with leave to appellant to take such further steps in the action as it may be advised. In denying the motion, the Special Term quite properly relied upon the holding of this court in *Aquilino* v. *United States of America* (2 A D 2d 747). However, this court's determination in the *Aquilino* case was subsequently reversed by the Court of Appeals (3 N Y 2d 511). We are therefore constrained to reverse the order appealed from. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.